UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTHA KASILUS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13687** |
| **ASTOR CROWNE PLAZA LLC, ET AL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 39) filed by defendants Endurance Assurance Corporation, Merritt Hospitality, LLC, and IX ACP Hotel Owner ("defendants") is **GRANTED**, and plaintiffs' claims brought under the Americans with Disabilities Act ("ADA") are **DISMISSED**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

## BACKGROUND

This matter arises out a of a slip and fall at the Astor Crowne Hotel in New Orleans. Plaintiff Martha Kasilus slipped on water that had flowed over the threshold of the shower in her hotel room, breaking her ankle. She and her husband, Stanley Kasilus (now deceased) filed suit in the Civil District Court for the Parish of Orleans for damages against the hotel owners, operators, and insurer. They alleged claims for negligence under Louisiana state law, pursuant to Louisiana Civil Code articles 2322, 2315, 2317, and/or Louisiana Revised Statute 9:2800 et seq., as well as a claim for loss of consortium. In alleging the negligence claims, plaintiffs alleged that

they had "reserved an ADA compliant 'handicapped' room,"[1] that defendants were negligent "in letting an ADA room where the shower curtain . . . was insufficient to reach the threshold on the floor of the shower,"[2] and that defendants "failed to keep its furniture, fixtures, and accessories in the bathroom accomodations in compliance with ADA guidelines."[3] As a result, plaintiffs allege the defendants failed "to comply with the American Disabilities Act,"[4] and seek "to be compensated for the injuries and damages they have sustained as a result. . . ."[5] Plaintiffs do not seek any injunctive relief.

Defendants have moved for partial summary judgment, dismissing plaintiffs' ADA claims. They argue that plaintiffs are unable to meet the requisite burden of proof to demonstrate that Ms. Kasilus is a qualified individual with disability under the ADA, or alternatively, that the defendants violated the ADA. Plaintiff opposes, arguing that a fact issue exists as to whether the defendants are liable to her under the ADA.

## DISCUSSION

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

---

[1] Rec. Doc. 1-3, Petition, ¶4.

[2] Id., ¶5.

[3] Id., ¶8(I).

[4] Id., ¶20(2).

[5] Id., ¶21.

and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

**Applicable Law**

Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are encompassed by the statute. 42 U.S.C. § 12181(7)(A).

To state a claim under Title III of the ADA, a plaintiff must allege that (1) she is a disabled individual; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against plaintiff within the meaning of the ADA on the basis of his disability. See 42 U.S.C. § 12182(a). "Remedies available under Title III of the ADA are the same as those under Title II of the Civil Rights Acts of 1964, 42 U.S.C. § 2000, for which there is only injunctive relief." Frame v. City of Arlington, 616 F.3d 476, 489 (5th Cir. 2010) (citing 42 U.S.C. § 12188(a); Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)). Thus, compensatory damages are not available to individuals for claims under Title III of the ADA. See, e.g., Morrison v. Unum Life Ins. Co. of America, 2008 WL 4224807, *3 (W.D. La. Sept. 10, 2008) (collecting cases) ("courts have uniformly held that

monetary damages are not available in private suits under Title III of the ADA").

**Analysis**

In the present case, plaintiffs have not identified evidence that they can satisfy the third prong required to state a claim under Title III of the ADA, namely, that defendants discriminated against Martha Kasilus on the basis of her disability. Plaintiffs allege an ADA violation because the shower curtain in their guest room was insufficient to reach the threshold on the floor of the shower. However, they do not identify a specific ADA or ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") standard that was violated. As evidentiary support for their claims, plaintiffs point to the affidavit of their forensic engineering expert, Thomas Lodge, and argue that because Crowne Plaza violated nationally recognized standards requiring non-slippery floors, they also violated the ADA.[6] In so formulating their argument, plaintiffs make a leap that violation of certain national standards also automatically violates ADA standards. However, that does not necessarily follow, and nowhere in Lodge's affidavit does he suggest that the Marriott bathroom failed to meet ADA or ADAAG standards. To the contrary, Lodge's affidavit reflects that defendants provided plaintiffs a room with a bathroom containing hand rails and a roll-in shower. Lodge's report states that "[t]he ceramic tile surface [in the bathroom] was not adequately slip resistant when wet that violated the nationally recognized and accepted standards of care for safe walkways" and that the "failure to have prevented this bathroom flooring from becoming wet through adequate shower water containment or floor mat protection

---

[6]Rec. Doc. 46, p. 3.

violated the nationally recognized and accepted standards of care for safe walkways.[7] These shortcomings do not constitute restrictions on access, which the ADA is designed to prevent, but rather sound in negligence, and affect the general public equally. Thus, they do no support a claim of discrimination based on a disability cognizable under Title III of the ADA.

Furthermore, the only remedy sought by plaintiff is compensatory damages. This remedy is unavailable under Title III of the ADA. See, Stuart v. Forest Animal Hosp., 2012 WL 12915408, at *1 (S.D. Miss. Sept. 4, 2012) ("[P]laintiff's putative ADA claim fails because Title III of the ADA, the subsection which prohibits discrimination against persons with disabilities in places of public accommodation, limits the remedy of a private claim to injunctive relief and plaintiff's only claim is for compensatory damages."). While if ultimately proven, a violation of ADA or ADAAG standards may be evidence of negligence, they do not support a claim for money damages for violation of the Title III of the ADA, because such damages are unavailable under the statute. See Bray v. Marriott International, 158 F. Supp.3d 441 (S.D. Md. 1/27/16).

In sum, plaintiffs have failed to point to any evidence suggesting that defendants discriminated against Martha Kasilus on the basis of her alleged disability, and the remedy she seeks is not available to her under the ADA. Accordingly, defendants are entitled to summary judgment dismissing plaintiffs' ADA claims.

**Subject Matter Jurisdiction**

Defendants' Amended Notice of Removal (Rec. Doc. 19) reflects that the sole basis for federal jurisdiction is the federal question presented by the putative ADA claim. The ADA claim

---

[7]Rec. Doc. 46-6, Lodge Aff. ¶ 72(c) & (e).

having been dismissed, only issues of state law remain. Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction when all the claims over which it had original jurisdiction have been dismissed. In the Fifth Circuit, the general rule " 'is to dismiss state claims when the federal claims to which they are pendent are dismissed.' " Enochs v. Lampasas Cty., 641 F.3d 155, 161 (5th Cir. 2011) (quoting Parker & Parsley Petrol. Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992). Considering that all federal claims herein have been dismissed, the court in its discretion declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 39) filed by defendants Endurance Assurance Corporation, Merritt Hospitality, LLC, and IX ACP Hotel Owner ("defendants") is **GRANTED**, and plaintiffs' claims brought under the Americans with Disabilities Act ("ADA") are **DISMISSED**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this   20th   day of May, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**